IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS V. DURAN, | : | CIVIL ACTION NO. 4:14-CV-2047 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| COUNTY OF CLINTON, JEFFREY SNYDER, ROBERT SMELTZ, and JOEL LONG, | : | |
| Defendants | : | |

# ORDER

AND NOW, this 24th day of May, 2017, upon consideration of the motion (Doc. 47) filed by plaintiff Thomas V. Duran ("Duran") for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) and Duran's brief (Doc. 48) in support thereof, wherein Duran asserts that amendment is necessary to add claims arising out of the operative circumstances described in his first amended complaint (Doc. 11) because of his recent receipt of a right to sue letter which the Equal Employment Opportunity Commission ("EEOC") issued on March 3, 2017 regarding claims under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, and Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, (Doc. 48 at 1), and further upon consideration of defendants' opposition, (Doc. 49), wherein defendants suggest that the interests of justice warrant denial of Duran's motion, (id. at 10-14), and the court observing that Rule 15(a)(2) directs the court to "freely give leave when justice so requires," FED. R. CIV. P. 15(a)(2), that the decision whether to grant leave to amend is committed to the sound discretion of the district

court, see Lorenz v. CSX Corp., 1 F.3d 1406, 1413 (3d Cir. 1993) (citing Bechtel v. Robinson, 886 F.2d 644, 647 (3d Cir. 1989)), and that courts generally grant leave to amend unless an opposing party demonstrates undue delay, bad faith on the part of the movant, or prejudice to the non-moving party, see Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006); see also Foman v. Davis, 371 U.S. 178, 182 (1962); Combined Ins. Co of Am. v. Bastian, No. 09-CV-111, 2009 WL 5111794, at *1 (M.D. Pa. Dec. 17, 2009), and, following a review of the proposed amended pleading, (Doc. 48-1 at 1-29), and upon examining defendants' assertions with respect to undue delay, bad faith, dilatory motive, prejudice, and futility, (Doc. 49 at 10-14), the court finding that the EEOC's recent issuance of a right to sue letter on March 3, 2017 perforce precipitated Duran's motion for leave to amend, thus justifying the delay in his instant request, (id. at 6-7); see also Tlush v. Mfrs. Res. Ctr., 315 F. Supp. 2d 650, 654 (E.D. Pa. 2002), and it appearing that Duran would be entitled to file a new civil action asserting the claims contemplated by the right to sue letter, (see Doc. 50 at 1-2), and the court concluding that the interest of justice favors granting leave to amend under the circumstances, it is hereby ORDERED that:

1. Duran's motion (Doc. 47) for leave to file an amended complaint is GRANTED.

2. The Clerk of Court is directed to FILE the second amended complaint (Doc. 48-1 at 1-29) submitted with Duran's motion to the docket in the above-captioned matter.

3. Defendants' motion for summary judgment (Doc. 29) and the parties' respective motions (Docs. 37, 42) in limine are DENIED <u>without prejudice</u> to refilling upon the completion of further pleadings in this matter.

<u>/S/ CHRISTOPHER C. CONNER</u>
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania
